ALLEN B. RORKE v. F. THEODORE WALTON.

R., the plaintiff, recovered a judgment against W., the defendant, upon which a *fieri facias* was issued and returned unsatisfied. Some time after the judgment was recovered, R. entered into an agreement with W. to extend the time for payment of the claim by installments. But before the period for the payment of any installment had elapsed R. issued an *alias fieri facias*, upon which a sale of some of the per-sonal property of W. was had and the judgment thereby partially satisfied, and as to the balance due thereon, the *fieri facias* was re-turned unsatisfied. Afterwards supplementary proceedings for dis-covery in aid of execution were taken by R. against W., under which W. was examined under oath. Upon these proceedings and the evi-dence thereunder, a receiver was appointed, who realized the balance of the judgment, and by order of the court paid the same to R. W., during the pendency of all these proceedings, entirely failed, and omitted to set up, take advantage of, or enforce his agreement for the extension of time of payment. After the money had been paid by the receiver, W. endeavored to enforce his agreement by proceedings on rule to show cause why the judgment of R. should not be vacated and the supplementary proceedings set aside. *Held*, on the hearing of this rule, that W. was in laches by his conduct and disentitled to the aid of the court, and that if any right of enforcement by W. of his agreement existed, he must be left to his action for a breach of the agreement.

On rule to show cause why judgment should not be vacated and supplementary proceedings thereon set aside.

Argued at February Term, 1895, before Justices DIXON and LIPPINCOTT.

For the rule, *Edward Ambler Armstrong.*

For the plaintiff, *Lindley M. Garrison.*

The opinion of the court was delivered by

LIPPINCOTT, J.   On January 4th, 1894, the plaintiff in this action, Allen B. Rorke, recovered a judgment in this court against the defendant, F. Theodore Walton, and an exe-

.cution was issued thereon and returned unsatisfied. On August 27th, 1894, an *alias fieri facias* was sued out, and as the facts appear to be, a sale of some portion of the personal property of Walton made in part satisfaction thereof, and as to the balance, it was returned unsatisfied. After its return supplementary proceedings were taken by the plaintiff against the defendant for discovery in aid of execution. The order .for discovery was made on November 24th, 1894. Under this order the defendant was examined and depositions taken, and on January 3d, 1895, the evidence was filed in this court and a receiver appointed according to the statute. The receiver, in the exercise of his powers, realized the balance of the judgment, and in accordance with an order of this court made on January 7th, 1895, paid the same to the plaintiff in satisfaction of his judgment against the defendant, and on the same day filed a report of his proceedings as receiver.

On January 9th, 1895, the defendant, Walton, applied for and obtained a rule to show cause why the judgment should not be vacated and the supplementary proceedings set aside. Evidence has been taken on this rule, and it appears that the basis of the claim of the defendant for relief is, that on January 30th, 1894, the plaintiff, with other creditors of Walton, agreed with him that they would extend the time of the payment of their respective claims against him, so that the whole amount thereof should be paid in installments, with interest at six per centum per annum—that is, twenty per cent. on January 31st, 1895, and twenty per cent. in each of the four years thereafter at the same date. An agreement of this .character in writing was executed by the plaintiff, and some others, if not all, of the creditors of the defendant. The formal execution of this agreement is admitted by the plaintiff, and it, and the circumstances surrounding its execution, .and the relations in respect to this matter of the plaintiff and defendant, constitute the evidence before the court upon this rule.

Treating this agreement as valid and binding, the defendant insists that by the force of its terms it applies to and

renders the judgment invalid and inoperative; that by reason of this agreement, a new relation was established between the parties, and that, by force of the agreement, nothing remained due upon the judgment, and that, at least, no proceedings, by way of execution or supplementary proceedings, were maintainable to enforce it.

On the part of the plaintiff the validity of this agreement is attacked on the ground that the plaintiff was induced to execute it upon the representation that all the creditors of the defendant were to be parties to it, and that, in fact, a large number of the creditors did not become parties to it; that, therefore, whatever its effect may be, its execution by the plaintiff was induced by fraud and false representations, and for these reasons it never became operative, nor was it ever intended to be of any force or effect.

It has not been found at all necessary in this case to discuss or decide the question whether, under the circumstances developed in the evidence, this agreement is valid and binding upon the parties, and no opinion is expressed upon this point. It may, for the purposes of the determination of this rule, be assumed to have been an effective and binding con-. tract between the parties and operative according to the terms incorporated therein.

But it is in no sense an agreement on the part of the plaintiff to waive his judgment or to discharge it, but only to give time and accept its payment in stated installments. It is no more a waiver or discharge of the judgment of the plaintiff than it is a waiver or satisfaction of his original debt due him from the defendant. The claim of the plaintiff remained incorporated in his judgment against the defendant, and the inherent force and efficacy of the judgment still subsisted, and its validity and regularity were in nowise affected. It still stood uncontested, with no part thereof relinquished or remitted, and if it was not paid within the time and according to the mode provided in the agreement the plaintiff was at liberty to enforce it by the orderly and regular course of procedure to enforce judgments.

This being the purport and effect of this agreement, the plaintiff, treating it as invalid and inoperative, proceeded to enforce his judgment in the usual manner. It was then the privilege of the defendant to enforce his agreement, if he considered it valid and binding, and bar the further procedure upon the judgment. This he failed to do, but permitted an *alias* execution to issue against him, upon which a levy and sale of his personal property was made in part satisfaction. The execution in part remaining unsatisfied, supplementary proceedings under the statute, to which he was a party, were taken for discovery of his property and effects for the purpose of subjecting them to the further satisfaction of the judgment. Under these proceedings he was examined without protest, because of his agreement with the plaintiff, and without referring to it or setting it up in anywise in bar of the proceedings. After the evidence was taken and filed, a receiver was appointed, who, in due course, from the assets of the defendant coming to his hands, realized, and by order of the court, paid to the plaintiff the balance of the judgment. At no time during the pendency of these proceedings did the defendant ever assert the efficacy of the alleged agreement, nor, in the slightest, attempt to invoke its protection. Time and again he permitted the process of the court to be directed against him without asserting a single antagonistic right by virtue of his agreement or otherwise. He was in entire laches in this respect.

If this agreement possessed any validity at all in this respect, this was the time it should have been asserted and enforced. He was then obliged to assert it or lose the benefit of it, because the position of the plaintiff was at all times changing. It is impossible to regard his conduct in any other light than as entirely acquiescent, and thereby disentitling himself to the aid of the court. The enforcement of his rights in this matter and in regard to these proceedings has been barred by his laches and the court cannot now aid him. He was fully aware of the character of his legal rights under this agreement and of the infringement upon them. With this knowl-

edge he entirely failed and omitted to assert those legal rights or even to protest against their infringement. By his laches he lost his right to take advantage of his agreement in these proceedings. The court should not now interfere with the *status* which he has thus assisted in creating, or which at least has been created with his acquiescence, or neglect and failure to assert those rights which would have prevented the situation now found by the court as existing. For any enforcement of this agreement deemed by him desirable, he must be left to his action for a breach of it.

Whether such right of action exists, no opinion is expressed. The rule must be discharged, with costs.